IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY LEE LEWIS, <br> No. B20581, <br>            Plaintiff, <br> vs. <br> ROBERT D. BURNS, <br> T. JEFFY WHITHBECK, <br> CORPORAL STRATTEN, <br> SGT. KIRSTEN, and <br> DARLENE BLUDWORTH, <br>            Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 14-cv-01086-SMY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Jerry Lee Lewis, an inmate serving a 180-day term of imprisonment in the Jackson County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

Plaintiff Lewis's *pro se* complaint touches upon multiple issues. Lewis generally describes unsanitary and harsh conditions of confinement, delays in medical care after he was bitten by bugs, and grievances that have been delayed or have gone unanswered. Lewis also confusingly states, "Jackson County Jail staff, Sheriff Dept., are the Prosecutor-Public Defender, punishers…sentence, and Judge" [sic]. He goes on to assert that the Jail does not provide prisoners with proper legal materials—allegedly as an act of retaliation against the entire unit of inmates at the Jail.

Jackson County Sheriff Robert D. Burns, Jail Administrator T. Jeffy Whithbeck, Corporal Stratten, Sgt. Kirstenn and Sgt. Darlene Bludworth are named as defendants. The complaint seeks a federal investigation into the Jackson County Jail, Sheriff's Department and Public Defender; copies of Plaintiff's records; updating of the Jail law library; proper medical treatment; for Jail officials to treat all inmates with respect; for Plaintiff o be set free; and for a state investigation into Jackson County employees' theft and misconduct.

**Discussion**

At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez*, 577 F.3d at 821. Nevertheless, a claim of entitlement to relief must cross "the line between possibility and plausibility." *Twombly*, 550 U.S. at 557. For the following reasons, the complaint and each defendant will be dismissed without prejudice and Plaintiff will be given an opportunity to file an amended complaint.

Jail Administrator T. Jeffy Whithbeck and Sgt. Kirsten are named as defendants, but they are not mentioned in the narrative of the complaint. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

The only specific mention of Sheriff Robert D. Burns is an assertion that he has an obligation to provide copies. It is not alleged that Burns actually denied Plaintiff copies, which could possibly implicate Plaintiff's constitutional rights. The First Amendment guarantees the right to redress grievances and access the courts. However, such a claim only arises if the plaintiff suffered "actual injury" from the inability to pursue a non-frivolous claim. *Lewis v. Casey,* 518 U.S. 343 (1996); *May v. Sheahan,* 226 F.3d 876, 883 (7th Cir.2000); *Walters v. Edgar,* 163 F.3d 430, 434 (7th Cir.1998). An access claim is also stated when "denial of access to legal materials caused a potentially meritorious claim to fail." *Marshall v. Knight,* 445 F.3d 965 (7th Cir.2006). As pleaded, the statement regarding copies, as well as the allegations regarding access to, and the inadequacies of, the law library, fails to state a claim upon which relief can be granted.

Insofar as Sheriff Burns is in charge of the Jail, the complaint fails to allege any unconstitutional policy, practice or custom for which Burns could be held liable in his individual capacity (*see Doyle v. Camelot Care Centers, Inc.,* 305 F.3d 603, 615 (7th Cir. 2002), and there

is no request for injunctive relief, which would be a basis for an official capacity claim (*see Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002)).

It is alleged that Corporal Stratten withheld indigent supplies—presumable hygiene supplies—from everyone on "A block" for a week. Although a possible Eighth Amendment claim is suggested, as pleaded such a claim is not plausible, as required under the *Twombly* pleading standard. For example, in *Stickly v. Byrd,* 703 F.3d 421, 422-24 (8th Cir. 2013), there was no Eighth Amendment violation when hygiene supplies were passed out only once per week because there was an insignificant impact on the plaintiff. The complaint does not indicate what impact Plaintiff Lewis suffered, and the denial of hygiene products for only one week, without more, suggests a *de minimis* injury.

The allegations about unsanitary conditions are not attributed to any defendant, so no claim has been stated, although the conditions described appear to fall within the ambit of the Eighth Amendment. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012) (Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety).

The allegation that Sgt. Darlene Bludworth delayed or did not respond to grievances does not state a viable claim, either. *See Grieveson v. Anderson,* 538 F.3d 763 (7th Cir. 2008) (citing *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir.1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.").

Insofar as the complaint suggests some impropriety in Lewis's conviction and requests Plaintiff's release, the allegations are vague and relevant to individuals not named as defendants. It is also not clear whether Section 1983 or habeas corpus is the proper vehicle for such claims.

Finally, federal and state investigations are not, *per se*, remedies available under Section 1983.

In deciding how to proceed, Plaintiff should keep in mind that unrelated claims against different defendants belong in separate lawsuits, which require separate filing fees. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007).

## Pending Motions

### Pauper Status

Plaintiff's *second* motion for leave to proceed as a pauper (Doc. 8) will be denied as moot. The Court has already granted Plaintiff pauper status (*see* Doc. 6).

### Motion for Amendment

Plaintiff's "motion for Due Process Violations" (Doc. 9) is construed as a motion to amend the complaint to add additional First Amendment claims stemming from retaliatory action taken after Plaintiff initiated this case. Although Plaintiff will be allowed to amend the complaint to state a viable constitutional claim, it is premature to say that the new retaliation claims are appropriately brought in the present action. Again, *George v. Smith* may prohibit the new claims from being brought in this action, depending upon what claims are asserted in the amended complaint, and whether available administrative remedies have been exhausted, as required under 42 U.S.C. § 1997e(a). Therefore, Plaintiff's motion to amend the complaint will be denied as moot, without deciding whether the proposed additional claims are properly raised in any amended complaint.

The Court further observes that Plaintiff has filed a second action, *Lewis v. Burns*, Case No. 14-cv-01100-SMY (S.D. Ill. Oct. 14, 2014). That case is awaiting preliminary review pursuant to 28 U.S.C. § 1915A, but Plaintiff's new retaliation claims may belong in that case.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint is **DISMISSED without prejudice** and all Defendants are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **December 5, 2014**, Plaintiff Lewis shall file and amended complaint. Failure to file an amended complaint will likely result in the dismissal of this action with prejudice and the assessment of a "strike" for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion for pauper status (Doc. 8) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's "motion for Due Process Violations" (Doc. 9) is **DENIED as moot**, without deciding whether the proposed additional claims are properly raised in any amended complaint..

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: November 6, 2014

s/ STACI M. YANDLE
**United States District Judge**