IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERRY LEE LEWIS, | ) | |
| No. B20581, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-01086-SMY |
| | ) | |
| DARLENE BLUDWORTH, | ) | |
| DEPUTY BURGRADE, | ) | |
| ROBERT TELLER, | ) | |
| DEPUTY BRONE, | ) | |
| DEPUTY MICKULAS, | ) | |
| OFFICER SMITH, and | ) | |
| DEPUTY SWIFT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jerry Lee Lewis, an inmate serving a 180-day term of imprisonment in the Jackson County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff has recently been released from jail.

The original complaint was dismissed without prejudice for failure to state a claim (Doc. 10).  An amended complaint was filed (Doc. 13), but Plaintiff subsequently attempted, in fits and starts, to file a second amended complaint.  Despite being given multiple extensions of time, Plaintiff failed to meet the deadline for properly filing a second amended complaint.  Therefore, the amended complaint (Doc. 13) is the controlling pleading, now ripe for preliminary review pursuant to 28 U.S.C. § 1915A.

The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

According to the amended complaint, after Plaintiff began filing administrative grievances, Sgt. Bludworth and Corporal Stratton (who is not a defendant to the amended complaint) ordered Deputy Mickulas to place Plaintiff in a cell that was infested with ants.  The toilet/sink unit also leaked urine, and the cell had the odor of an outhouse.  It is also alleged that Deputy Mickulas stole "legal" letters and documents from Plaintiff's cell.

At some point in time, an argument erupted between Plaintiff, Deputy Brone and Deputy Burgrade about Plaintiff filing grievances against Sheriff Burns (who is not a defendant to the amended complaint).  Sgt. Bludworth approached Plaintiff with a stun gun and directed Brone and Burgrade to have Plaintiff gather his belongings.  Brone and Burgrade then escorted

Plaintiff, who is black, in a unit of all white prisoners, simultaneously announcing that the prisoners should make Plaintiff "feel at home."

Initially, Sgt. Bludworth attempted to cell Plaintiff with a known murderer, who would "shut Plaintiff up."  Because that prisoner already had a cellmate, Plaintiff was celled with a inmate Manson, who is black.  According to the complaint, Bludworth hoped that the two blacks would kill each other.  Deputy Swift and Officer Smith subsequently brought Manson extra food trays, yelling into the cell that Manson was "not doing his job."

The section of the form complaint designated for listing the relief sought mentions the inadequate diet served at the jail, a need for unspecified medical care, overpriced commissary items, and a need for gender-specific clothing for prisoners.  Compensatory damages are sought, as well as Plaintiff's release from jail.  The Court also liberally construes the complaint as seeking injunctive relief.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following broad counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:   Sgt. Bludworth and Deputy Mickulas retaliated against Plaintiff in violation of the First Amendment, and celled him under unsanitary conditions of confinement, in violation of the Eighth Amendment; and**
>
> **Count 2:   Deputy Brone, Deputy Burgrade, Sgt. Bludworth, Deputy Swift and Officer Smith retaliated against Plaintiff in violation of the First Amendment, and endangered his safety, in violation of the Eighth Amendment.**

No claim has been recognized relative to Deputy Mickulas taking Plaintiff's "legal" letters and documents" because it is unclear whether Plaintiff intends to assert a First

Amendment claim, or a claim for damages based on the taking itself. In any event, that bare assertion falls short under the *Twombly* pleading standard. Any intended claim should be considered dismissed without prejudice.

No claims are recognized regarding the stray assertions incorporated into the relief section of the complaint. Any intended claim should be considered dismissed without prejudice.

## Discussion

"An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). "Otherwise permissible actions by prison officials can become impermissible if done for retaliatory reasons." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000). Retaliation for filing a grievance violates the First Amendment. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012).

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S.CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012).

Counts 1 and 2 state colorable constitutional claims and, therefore, shall proceed against Defendants Bludworth, Burgrade, Brone, Mickulas, Smith and Swift.

Defendant Robert Tellor is listed as a defendant, but not mentioned in the narrative of the amended complaint. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Consequently, Tellor will be dismissed without prejudice.

Insofar as Plaintiff seeks release from jail and any sort of injunctive relief, now that he has been released from jail those remedies are moot. Furthermore, release from jail is not an available remedy under Section 1983. Those remedies should be considered dismissed, leaving compensatory damages as the remaining remedy sought.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Defendant **ROBERT TELLOR** is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNTS 1 and 2** shall **PROCEED** against Defendants **DARLENE BLUDWORTH, DEPUTY BURGRADE, DEPUTY BRONE, DEPUTY MICKULAS, OFFICER SMITH and DEPUTY SWIFT**.

**IT IS FURTHER ORDERED** that Plaintiff's prayer for release from jail and injunctive relief are **DISMISSED as moot**; the only remedy remaining is compensatory damages.

The Clerk of Court shall prepare for Defendants **DARLENE BLUDWORTH, DEPUTY BURGRADE, DEPUTY BRONE, DEPUTY MICKULAS, OFFICER SMITH and DEPUTY SWIFT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants **DARLENE BLUDWORTH, DEPUTY BURGRADE, DEPUTY BRONE, DEPUTY MICKULAS, OFFICER SMITH and DEPUTY SWIFT** are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding

that his application to proceed *in forma pauperis* may have been granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 4, 2015**

s/ STACI M. YANDLE
**United States District Judge**
